UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

William Duca

    v.                                                       Civil No. 24-cv-188-LM-AJ
                                                            Opinion No. 2025 DNH 133 P

Glamour Pools, Inc et al.

**O R D E R**

Plaintiff William Duca, a New Hampshire resident, brings this action against defendant Pentair, Inc., a Minnesota corporation. Duca claims that—while performing routine maintenance on his swimming pool—a pool filter made by Pentair "burst" and struck him in the head and neck, causing serious injuries. There are two counts that remain in the case: negligence (Count IV) and breach of warranty (Count V).[1]

Before the court is Pentair's motion for summary judgment on both remaining counts. Doc. no. 25. In response, Duca argues that the case is "not ripe" for summary judgment and seeks more time to complete discovery. For the following reasons, Pentair's motion (doc. no. 25) is granted.

**STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 56(a):

> A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary

---

[1] Duca brought similar claims (Counts I-III) against Glamour Pools, Inc., the company Duca alleges installed the equipment at issue. Following the state court's dismissal of the claims against Glamour, Pentair removed the case to this court.

> judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A factual dispute is "genuine" if "the evidence is such 'that a reasonable jury could resolve the point in favor of the nonmoving party.'" Quintana-Dieppa v. Dep't of Army, 130 F.4th 1, 7 (1st Cir. 2025) (quoting Doe v. Trs. of Bos. Coll., 892 F.3d 67, 79 (1st Cir. 2018)). A fact is "material" if it has the "potential to affect the outcome of the suit under the applicable law." Id. (quoting Cherkaoui v. City of Quincy, 877 F.3d 14, 23 (1st Cir. 2017)). Moreover, "[t]here is no genuine dispute of material fact when the moving party demonstrates that the opposing party has failed 'to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" E.E.O.C. v. Kohl's Dep't Stores, Inc., 774 F.3d 127, 131 (1st Cir. 2014) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).

In reviewing the record, the court construes all facts and reasonable inferences in the light most favorable to the nonmovant. Minturn v. Monrad, 64 F.4th 9, 14 (1st Cir. 2023). Pursuant to this court's local rules, a movant must incorporate in its motion for summary judgment "a short and concise statement of material facts, supported by appropriate record citations, as to which the moving party contends there is no genuine issue to be tried." LR 56.1(a). Where the nonmoving party fails to adequately contest the moving party's properly supported statement of material facts, the court may deem those facts admitted. LR 56.1(b).

## BACKGROUND

On October 11, 2023, Duca filed suit against "Pentair, Inc." in Rockingham County Superior Court.[2] Duca's complaint alleges that on September 20, 2020, while Duca prepared his swimming pool for the off-season, the lid on his pool's filter exploded and struck him in the head and neck. Duca sustained severe injuries from the explosion, including a traumatic brain injury, skull fracture, subdural hematoma, and damaged sinuses. Duca brings two counts against Pentair: negligent design and breach of express and implied warranties.

On June 30, 2025, Pentair moved for summary judgment on both counts, and Duca filed an objection. Duca seeks more time to conduct discovery to respond to Pentair's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(d), but does not offer a substantive response to the merits of Pentair's motion.

## DISCUSSION

The court will address the merits of Pentair's motion before explaining why Duca's request under Rule 56(d) is unavailing.

---

[2] The answer to the complaint begins: "Defendants Pentair Water Pool & Spa, Inc., incorrectly named as Pentair, Inc., . . . ." Doc. no. 2 at 1 (emphasis added). The record reveals that Pentair, Inc. is a holding company that does not manufacture pool pumps or pool filters. Pentair concedes that "Pentair Water Pool & Spa, Inc." manufactures and distributes Pentair pool products, including the Pentair filter described in Duca's complaint. Doc. no. 25-6 at 2. Pentair Water Pool & Spa, Inc. remains an unnamed defendant. For simplicity, the court refers to Pentair Inc. and Pentair Water Pool & Spa, Inc. collectively as "Pentair."

3

I.  Pentair Is Entitled to Summary Judgment on Count IV (Negligence)

Duca's complaint alleges that Pentair is liable because of its "carelessness and negligence" in designing, developing, selling and distributing the "defective and dangerous pool filter for the pool filtration system that caused the injury to the plaintiff." Doc. no. 1-1 at 6. Pentair argues that this claim fails as a matter of law because there is no evidence that Pentair violated a duty of care with respect to the filter identified in the complaint. The court agrees.

"To recover for negligence, a plaintiff must show that the defendant owes a duty to the plaintiff and that the defendant's breach of that duty caused the plaintiff's injuries." Christen v. Fiesta Shows, Inc., 170 N.H. 372, 375 (2017). To survive a motion for summary judgment, the plaintiff must provide some evidence from which a reasonable jury could conclude that the defendant violated its duty of care in designing the product at issue. See Willard v. Park Indus., Inc., 69 F. Supp. 2d 268, 271 (D.N.H. 1999).

There is no evidence from which a reasonable jury could conclude that Pentair breached a duty of care with respect to the pool filter described in the complaint. The record is undisputed that Duca's injuries were not caused by the pool filter described in the complaint. Indeed, there is no evidence in the record from which a jury could conclude that any pool filter caused Duca's injuries. Even Duca concedes that he was not injured by a filter. At his deposition, Duca testified that, at the time of the incident, the Pentair filter described in his complaint had been removed. Duca testified that he was injured not by a pool filter as alleged in the

4

complaint, but by a pool pump—a completely different product. Specifically, Duca described the culpable product as a Pentair Dura-Glas pump.[3]

For these reasons, Duca cannot point to any evidence in the record from which a jury could find Pentair liable for the harm alleged in Count IV. Thus, Pentair is entitled to judgment as a matter of law.

II. Pentair Is Also Entitled to Summary Judgment on Count V (Breach of Warranty)

In Count V, Duca claims that Pentair breached express and implied warranties by furnishing a pool filter that was unsafe, not of merchantable quality, and unfit for its intended purposes. Pentair argues that this claim fails as a matter of law because there is no evidence that the filter was in a condition that breached warranties. The court agrees.

To prove the breach of an express warranty, the plaintiff must first show that the seller created an express warranty. See, e.g., Kelleher v. Marvin Lumber & Cedar Co., 152 N.H. 813, 840-41 (2005); see also RSA 382-A:2-313. By contrast, implied warranties "are expressly created by [ ] statute." Virgin v. Fireworks of Tilton, LLC, 172 N.H. 484, 490 (2019) (citing RSA 382-A:2-314). To establish the breach of an implied warranty, the plaintiff "has the burden of proving that [his] injury resulted from the unmerchantability or unsuitableness of the product. . . ." Elliott v. Lachance, 109 N.H. 481, 485-86 (1969).

---

[3] Notwithstanding Duca's apparent awareness of (and opposing counsel's attempts to draw Duca's attention to) the error in his complaint, Duca has never sought leave to amend his complaint to allege this new theory.

Here, Duca does not point to any evidence that Pentair gave Duca an express warranty on the pool filter. And, again, because Duca admits that the filter was not involved in the alleged incident, even if there were an express warranty, it could not have been breached in the alleged incident. The same is true for any implied warranties. Thus, because there is no evidence from which a reasonable jury could conclude that Pentair breached express or implied warranties by furnishing Duca with the pool filter alleged in the complaint, there is no genuine dispute of material fact and Pentair is entitled to judgment as a matter of law.

III.  Duca's Request to Extend Time Under Federal Rule of Civil Procedure 56(d) Lacks Merit

Duca objects to Pentair's motion for summary judgment on the sole basis that the case is "not ripe" for ruling because discovery is incomplete. Specifically, Duca asks this court to dismiss Pentair's motion for summary judgment without prejudice, to extend the time for the parties to complete discovery and expert disclosures, and to reschedule the trial. The court declines to do so.[4]

Under Federal Rule of Civil Procedure 56(d), if a party opposing a motion for summary judgment shows "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations

---

[4] On October 10, 2025, the court continued the trial to allow time to rule on the present motion.

or to take discovery; or (3) issue any other appropriate order." The party seeking to invoke the rule must provide the court with:

> a timely statement—if not by affidavit, then in some other authoritative manner—that (i) explains his or her current inability to adduce the facts essential to filing an opposition, (ii) provides a plausible basis for believing that the sought-after facts can be assembled within a reasonable time, and (iii) indicates how those facts would influence the outcome of the pending summary judgment motion.

Vélez v. Awning Windows, Inc., 375 F.3d 35, 40 (1st Cir. 2004).

Rule 56(d) "is not designed to give relief to those who sleep upon their rights." Rivera-Almodóvar v. Instituto Socioeconómico Comunitario, Inc., 730 F.3d 23, 29 (1st Cir. 2013) (quoting Rivera-Torres v. Rey-Hernández, 502 F.3d 7, 10 (1st Cir. 2007)). Thus, a party seeking to benefit from the rule "must demonstrate due diligence both in conducting discovery before the emergence of the summary judgment motion and in pursuing an extension of time once the motion has surfaced," and also show "good cause for failure to have conducted the discovery earlier." Id. (first quoting Rivera-Torres, 502 F.3d at 11, and then quoting Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 988 (1st Cir.1988)). Moreover, a "district court is entitled to refuse a Rule 56(d) motion if it concludes that the party opposing summary judgment is unlikely to garner useful evidence from supplemental discovery." Hicks v. Johnson, 755 F.3d 738, 743 (1st Cir. 2014).

Duca misconstrues Rule 56(d). The rule is designed to protect a party who has diligently sought discovery but, despite best efforts, needs more time to find specific evidence to help forestall summary judgment. It is not meant to save a

7

party from its own lack of diligence. Rivera-Almodóvar, 730 F.3d at 29. Duca's efforts regarding discovery fall short of even minimal diligence. The court issued its scheduling order on September 9, 2024. The order set a deadline of April 1 for the plaintiff's expert disclosures, and June 30, 2025 as the discovery deadline. The court made clear that the discovery deadline (June 30) was a date by which discovery "is to be completed — not a deadline by which discovery is to be served." Doc. no. 14 at 3. The court also made clear that if a party served discovery requests that, under the Federal Rules of Civil Procedure, would call for a response after the discovery deadline, "the recipient need not provide a response." Id. (citing Fed. R. Civ. P. 33(b)(2), 34(b)(2), 36(a)(3)).

Duca waited until June 5, 2025 to serve his discovery requests.[5] After serving the late discovery requests on Pentair, Duca sought Pentair's informal agreement to a thirty-day extension, which Pentair declined. On June 20, the parties filed a joint status update in which they informed the court that Duca had requested a thirty-day extension, but that Pentair agreed only to take an outstanding deposition of a witness (Duca's son) outside of the discovery period; otherwise, Pentair objected to any extension. After reviewing that status update, the court ordered the parties to file "an appropriate motion to extend deadlines. . . ." Endorsed Order of June 23, 2025. Nothing was filed.

---

[5] Duca served interrogatories and a request to produce documents on June 5. Under Federal Rules of Civil Procedure 33 and 34, a party has thirty days to respond to such requests. Thus, pursuant to the discovery order which explicitly references those Rules, Pentair had no obligation to respond.

On June 30, the discovery period ended, and Pentair filed the instant motion for summary judgment. Duca's objection to that motion was due thirty days later (by July 30), and, on that date, Duca filed an assented-to motion to extend his time to respond to Pentair's motion for summary judgment.[6] The court extended the deadline to August 15.

On August 25 (ten days after his summary judgment objection was due), Duca filed an "emergency" request to extend the time to file his objection. Doc. no. 27. In this motion, Duca argued that discovery was still not complete and that the matter was not ripe for summary judgment. Duca requested that he be allowed until September 5 to file his objection to Pentair's motion for summary judgment, or, "[i]n the alternative," to extend the deadlines in the case for three months "allowing the parties to engage in robust and fair discovery." Id. at 3. Pentair objected.[7]

---

[6] This motion did not mention Rule 56(d) or otherwise argue that discovery was incomplete.

[7] In fairness to Pentair, it is worth noting the context of its counsel's refusal to agree to the extension. Duca had failed to timely respond to Pentair's discovery requests — and only responded after Pentair was forced to file a motion to compel. Pentair served its initial discovery requests on Duca on January 16, 2025. Almost three months later (April 8), Pentair wrote to alert Duca that it had not received any responses, and that it would move to compel if it received nothing by April 14. Duca requested until April 18 to provide responses. That deadline came and went without any responses. Pentair again agreed to an extension (to April 25) and again, on that date, received nothing. On April 28, Duca's counsel once again assured Pentair that Duca would serve responses by the end of that day. Again, Duca did not. On April 29, Duca prevailed on Pentair to wait until the end of that day. On May 1, still having received no responses, Pentair filed a motion to compel discovery. By order dated May 5, this court scheduled a hearing on the motion to

On September 10, this court held a hearing on Duca's motion for an extension of time to object to Pentair's summary judgment motion. The court extended the deadline to September 11 at 3 p.m. Duca did not object to the expedited schedule, and filed his objection on September 10. Although this filing is labelled an "objection to summary judgment," it makes no attempt to stave off summary judgment by pointing to material disputes of fact in the record. Instead, Duca elected only to assert an argument under Rule 56(d), seeking more time for discovery.

Duca makes two basic arguments in support of his Rule 56(d) request. Duca first contends that there is still "outstanding discovery."[8] Doc. no. 30 at 3. As support, Duca relies on email correspondence between counsel on June 30, 2025 (the close of discovery), in which counsel for Pentair appears to agree to produce certain documents subject to a protective order. Duca alleges that Pentair is "wrongfully withholding" those documents. Id. at 4. However, Pentair emailed (on June 30) a proposed protective order to Duca who did not communicate approval or otherwise effectuate the protective order. Despite Pentair's apparent willingness to produce documents under a protective order, Pentair was under no legal duty to produce such late-requested documents, and certainly not without the agreed-upon

---

compel for May 23. On May 22, Duca served his discovery responses. Pentair withdrew its motion to compel, and the hearing was cancelled.

[8] As just one example, Duca argues that his deposition of Pentair's corporate designee is still outstanding. There is no evidence in the record, however, that Duca noticed any Pentair deposition before the close of discovery. Nor did Duca ever seek an extension to allow for a late-requested deposition.

protective order in place. Duca's claim that he is "severely prejudiced," id. at 7, by Pentair's failure to produce those documents is belied by the record. The cause of any prejudice to Duca was his counsel's failure to seek leave to amend the complaint, seek extensions of discovery deadlines, and to otherwise comply with court-ordered discovery deadlines.[9]

Duca's second argument for an extension under Rule 56(d) is nothing more than a series of excuses for his own failure to obtain necessary discovery. Such excuses (e.g., a busy trial schedule and a law firm restructuring) are insufficient to justify an extension under Rule 56(d). See Vélez, 375 F.3d at 40 ("Most attorneys are busy most of the time and they must organize their work so as to be able to meet the time requirements of matters they are handling or suffer the consequences." (quoting Pinero Schroeder v. Fed. Nat'l Mortg. Ass'n, 574 F.2d 1117, 1118 (1st Cir. 1978))). Moreover, Duca's counsel's busy trial schedule did not cause counsel — at any point prior to the close of discovery — to seek an extension of the court-ordered discovery deadlines in this case. Duca failed to file a motion even after the court issued an order (on June 23, before the close of discovery) urging counsel to file such a motion.

Additionally, Duca has failed to persuade the court that he is likely to gain any useful information from the discovery he seeks. See Hicks, 755 F.3d at 743.

---

[9] By way of further example, Duca alleges that discovery still outstanding involves discovery Pentair sought but never received or conducted. The court is not aware of authority for the proposition that a party may invoke the protections of Rule 56(d) on the basis that their opponent is owed discovery.

11

Duca first claims that he should be able to "explore" the relationship between Pentair, Inc. and Pentair Water Pool and Spa, Inc. by way of discovery responses and depositions so that he can determine whether to add another party to the case.[10] Doc. no. 30 at 7. Pentair has submitted an affidavit from the secretary of Pentair, Inc., stating that Pentair, Inc. is a holding company that does not manufacture pool pumps or pool filters. For its part, Pentair Water Pool and Spa, Inc. has acknowledged (since the filing of the Answer) that it is the proper defendant. Duca's argument that he needs this discovery is unpersuasive.

Duca also seems to assert that he is entitled to more discovery regarding whether a pool filter or a pool pump caused his injuries. Duca himself became aware before his deposition that his injuries could not have been caused by the filter described in his complaint. He repeatedly conceded in his deposition that a pump (not a filter) caused his injury.[11] At no time has Duca sought leave to amend his complaint to allege a theory that a pump rather than a filter caused his injuries. Moreover, Duca is "not entitled to raise new and unadvertised theories of liability for the first time in opposition to a motion for summary judgment." Calvi v. Knox Cnty., 470 F.3d 422, 431 (1st Cir. 2006); accord Martinez v. Petrenko, Civ. No. 12-

---

[10] This argument overlooks the fact that the deadline to join additional parties has long since passed.

[11] And, in his Answers to Interrogatories, Duca states: "About 45 minutes into performing winterization of the pool, the pool pump's lid burst and struck me in the head and forehead as it blew off." Doc. no. 25-2 at 2.

12

CV-331-JD, 2014 WL 109073, at *4 (D.N.H. Jan. 13, 2014), aff'd, 792 F.3d 173 (1st Cir. 2015).

For these reasons, Duca has failed to meet his burden under Rule 56(d) to show that he is entitled to an extension of time to permit further discovery. "Although a district court should generally apply Rule [56(d)] liberally, the court need not employ the rule to spare litigants from their own lack of diligence." Rivera-Almodóvar, 730 F.3d at 29 (alteration in original) (quoting Paterson-Leitch Co., 840 F.2d at 989). The court sees no basis on which to spare Duca from his own lack of diligence.

## CONCLUSION

Pentair's motion for summary judgment (doc. no. 25) is granted. The clerk of court is directed to enter judgment and close the case.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

November 13, 2025

cc:    Counsel of Record